# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| ALAMEDA RESEARCH LTD. AND CLIFTON BAY INVESTMENTS LLC F/K/A ALAMEDA RESEARCH VENTURES LLC, <br><br> Plaintiffs, <br><br> - against - <br><br> MICHAEL KIVES, BRYAN BAUM, K5 GLOBAL HOLDINGS LLC, K5 GLOBAL TECHNOLOGY LLC, MBK CAPITAL LP SERIES T, K5 GROWTH CO-INVEST I GP LLC, K5 GLOBAL GROWTH FUND I GP LLC, K5 GLOBAL VENTURES LLC, MOUNT OLYMPUS CAPITAL LP, MOUNT OLYMPUS CAPITAL LLC, K5 GLOBAL GROWTH FUND II LP, K5 GLOBAL GROWTH FUND II GP LLC, K5X FUND I LP, K5X FUND I LLC, AND SGN ALBANY LLC, <br><br> Defendants. | Adv. Pro. No. 23-50411 (JTD) |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
## AGAINST DEFENDANT SGN ALBANY LLC

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to the above-captioned adversary proceeding (the "Adversary Proceeding") by

---

[1] The last four digits of FTX Trading Ltd.'s FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063 respectively. Due to the large number of debtor entities in these Chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

{1368.002-W0072025.2}

Rule 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), plaintiffs Alameda Research Ltd. and Clifton Bay Investments LLC f/k/a Alameda Research Ventures LLC ("Plaintiffs") hereby submit this motion ("Motion") for entry of default judgment substantially in the form attached hereto as **Exhibit A** against defendant SGN Albany LLC, a Delaware limited liability company (the "SGN Albany"). In support of the Motion, the Plaintiffs respectfully state as follows:

### Background

1. On November 11 and November 14, 2022, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (the "Debtors") filed with the United States Bankruptcy Court for the District of Delaware (the "Court") voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court authorized joint administration of the Debtors' cases (the "Chapter 11 Cases") by entry of an order on November 22, 2022 [D.I. 128].

2. On June 22, 2023, the Plaintiffs initiated the Adversary Proceeding by filing the *Complaint for Avoidance and Recovery of Transfers and Obligations Pursuant to 11 U.S.C. §§ 105, 544, 547, 548 and 550, and Del. Code. Ann. Tit. 6, §§ 1304 and 1305, for Aiding and Abetting Breach of Fiduciary Duty, for Dishonest Assistance Under the Law of the British Virgin Islands, for Unjust Enrichment and for Disallowance of Claims Pursuant to 11 U.S.C. § 502* [Adv. D.I. 1] (the "Complaint"). Through the Complaint, the Plaintiffs seek, among other relief, (i) to avoid and recover $700 million from SGN Albany and all other defendants in the Adversary Proceeding, plus the value of any additional avoidable transfers Plaintiffs learn, through discovery or otherwise, were made to the defendants during the Avoidance Period; (ii) restitution for SGN Albany's unjust enrichment; and (iii) to disallow any and all claims filed or held by SGN Albany and all other

defendants in these bankruptcy proceedings unless and until defendants have turned over to Plaintiffs the amount ordered as an award for avoidable transfers and obligations.

3. On July 13, 2023, the Plaintiffs' attempted service upon SGN Albany by serving GKL Registered Agents of DE, Inc. ("GKL"), its registered agent. GKL, however, refused to accept service on behalf of SGN Albany because it had resigned as of June 21, 2023. A true and correct copy of the affidavit of service for the service attempt made on July 13, 2023 is attached as **Exhibit 1** to the *Declaration of Matthew B. McGuire in Support of Plaintiffs' Request for Entry of Default*, filed contemporaneously herewith.

4. On July 21, 2023, service of the Complaint and *Summons and Notice of Pretrial Conference in an Adversary Proceeding* (the "Summons") was made on SGN Albany pursuant to Federal Rule 4(e)(1) by serving the Secretary of State of the State of Delaware (the "Delaware Secretary of State") in accordance with the laws of the state of Delaware under 6 *Del. C.* § 18-105(b). A copy of the Summons and a certificate of service was filed on July 26, 2023, a true and correct copy of which can be found at Adv. Docket No. 5.

5. Pursuant to the Summons, SGN Albany was required to answer or otherwise respond to the Complaint by or before August 21, 2023 (the "Response Deadline"). The Response Deadline has passed, and SGN Albany has failed to plead, otherwise defend or enter an appearance in the Adversary Proceeding.

6. Contemporaneously herewith, the Plaintiffs are requesting entry of default against SGN Albany by the Clerk. Plaintiffs will serve a copy of their request for entry of default and this Motion in accordance with Local Rule 7055.

**Jurisdiction and Venue**

7. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought by the Motion are Federal Rule 55(b)(2) and Bankruptcy Rules 7012(b) and 7055. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Request for Relief

8. By this Motion, Plaintiffs seek the entry of default judgment pursuant to Federal Rule 55(b)(2), solely against SGN Albany, as compensation for Plaintiffs' unjust enrichment claims, a judgment assigning to Plaintiffs, jointly and severally, of all SGN Albany's (i) rights and interests in defendants K5 Global Holdings LLC, MBK Capital LP Series T, K5 Global Technology LLC, K5 Global Growth Co-Invest I GP LLC, K5 Global Growth Fund I GP LLC, and/or K5 Global Ventures LLC that SGN Albany acquired as a result of the K5 Transaction, and any proceeds of the K5 Transaction; and (ii) all rights and interests in defendant Mount Olympus Capital LP that SGN Albany acquired as a result of the Mount Olympus Transaction, and any proceeds of the Mount Olympus Transaction.

9. Federal Rule 4(e), made applicable to the Adversary Proceeding by Bankruptcy Rule 7004(a), permits a plaintiff to effectuate service by "following state law for serving a summons in an action brought in courts of the general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Delaware law permits service upon a Delaware limited liability company by serving the Delaware Secretary of State if service

on a Delaware limited liability company cannot be made upon its registered agent. *See* 6 *Del. C.* §§ 18-104(d), 18-105(b).

10. SGN Albany's registered agent resigned as of June 21, 2023 and a new registered agent has not been appointed. Under 6 *Del. C.* § 18-104(d), when a registered agent resigns and a new registered agent is not appointed "service of legal process against [a] limited liability company … for which the resigned registered agent had been acting shall thereafter be upon the Secretary of State in accordance with [6 *Del. C.* § 18-105]." Accordingly, service upon the Delaware Secretary of State is proper and SGN Albany has been duly served with the Complaint and Summons.

11. Despite being duly served with the Complaint and Summons, SGN Albany has not filed an answer, motion or other response to the Complaint and has not otherwise appeared in the Adversary Proceeding.

12. In considering a motion for default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *N.E.C.A. Local Union No. 313 I.B.E.W. Health v. H&H Servs. Elec. Contrs., Inc.*, 2023 U.S. Dist. LEXIS 93528, at *5 (D. Del. May 30, 2023); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

13. "Where a summons and complaint have been properly served and the defendant has failed to respond, the [c]ourt concludes that the defendant's actions, or lack thereof, (1) serve as an admission of the material allegations of the complaint except as to the amount of damages … and (2) constitute implied consent to the entry of a default judgment by a bankruptcy judge. *Exec. Sounding Bd. Assocs. v. Advanced Mach. & Eng'g Co. (In re Oldco M Corp.)*, 484 B.R. 598, 614 (Bankr. S.D.N.Y. 2012); *see also Montcalm Publishing Corp. v. Ryan*, 807 F.Supp. 975, 977

(S.D.N.Y.1992) ("A default constitutes admission as to liability; therefore, the effect of a [defendant's] default is that it is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability.").

> The procedure contemplated by Rule 55 is elegant in its simplicity. In considering a motion for default judgment, a court is required to review the file to determine if the summons and complaint have been properly served, whether an answer or other responsive pleading has been timely filed, and, if not, whether additional proof is necessary in order to determine the type of relief to be granted (e.g., a money judgment). No more, no less.

*In re Taylor*, 495 B.R. 28, 34 (10th Cir. 2013).

14. By reason of SGN Albany's default it is deemed to have admitted all of the allegations in the Complaint, and thus Plaintiffs, jointly and severally, should be awarded (i) all rights and interests in defendants K5 Global Holdings LLC, MBK Capital LP Series T, K5 Global Technology LLC, K5 Global Growth Co-Invest I GP LLC, K5 Global Growth Fund I GP LLC, and K5 Global Ventures LLC that SGN Albany acquired as a result of the K5 Transaction, and any proceeds of the K5 Transaction; and (ii) all rights and interests in defendant Mount Olympus Capital LP that SGN Albany acquired as a result of the Mount Olympus Transaction, and any proceeds of the Mount Olympus Transaction.

WHEREFORE, for the foregoing reasons, the Plaintiffs respectfully request that the Court enter a default judgment in favor of the Plaintiffs and against SGN Albany, grant the relief requested herein in substantially the form attached hereto as **Exhibit A**, and grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 24, 2023<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>       mcguire@lrclaw.com<br>       brown@lrclaw.com<br>       pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Steven L. Holley (admitted *pro hac vice*)<br>Andrew G. Dietderich (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>Hilary M. Williams (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>E-mail: holleys@sullcrom.com<br>       dietdericha@sullcrom.com<br>       gluecksteinb@sullcrom.com<br>       dunnec@sullcrom.com<br>       crokej@sullcrom.com<br>       williamsh@sullcrom.com<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |