# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>FTX TRADING LTD, *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD. and CLIFTON BAY INVESTMENTS LLC f/k/a ALAMEDA RESEARCH VENTURES LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL KIVES, BRYAN BAUM, K5 GLOBAL HOLDINGS LLC, K5 GLOBAL TECHNOLOGY LLC, MBK CAPITAL LP SERIES T, K5 GROWTH CO-INVEST I GP LLC, K5 GLOBAL GROWTH FUND I GP LLC, K5 GLOBAL VENTURES LLC, MOUNT OLYMPUS CAPITAL LP, MOUNT OLYMPUS CAPITAL LLC, K5 GLOBAL GROWTH FUND II LP, K5 GLOBAL GROWTH FUND II GP LLC, K5X FUND I LP, K5X FUND I LLC, and SGN ALBANY LLC,<br><br>    Defendants. | Adv. Pro. No. 23-50411 (JTD) |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
**THE K5 DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Defendants Michael Kives, Bryan Baum, K5 Global Holdings, LLC, K5 Global Technology, LLC, MBK Capital, LP - Series T, K5 Global Growth Co-Invest I GP, LLC, K5 Global Growth Fund I GP, LLC, K5 Global Ventures, LLC, Mount Olympus Capital, LP, Mount Olympus Capital, LLC, K5 Global Growth Fund II, LP, K5 Global Growth Fund II GP, LLC, K5X Fund I, LP, and K5X Fund I, LLC (collectively, the "K5 Defendants") respectfully request that the Court take judicial notice of fourteen (14) documents attached hereto in support of the *K5 Defendants' Motion to Dismiss Plaintiffs' Complaint,* filed contemporaneously herewith. Specifically, the K5 Defendants request that the Court take judicial notice of the following documents:

1.  **Exhibit A:** A copy of a news article published by *The Wall Street Journal* on October 21, 2021, titled "Crypto Exchange FTX Reaches $25 Billion Valuation," available at https://www.wsj.com/articles/crypto-exchange-ftx-reaches-25-billion-valuation-11634817601.

2.  **Exhibit B:** A copy of a news article published by *Forbes* on October 6, 2021, titled "Meet the World's Richest 29-Year-Old: How Sam Bankman-Fried Made A Record Fortune In The Crypto Frenzy," available at https://www.forbes.com/sites/stevenehrlich/2021/10/06/the-richest-under-30-in-the-world-all-thanks-to-crypto/.

3.  **Exhibit C:** A copy of a news article published by *Reuters* on July 6, 2022, titled "Crypto exchange FTX has 'a few billion' to support industry," available at https://www.reuters.com/technology/crypto-exchange-ftx-has-few-billion-support-industry-bankman-fried-2022-07-06/.

4.  **Exhibit D:** A copy of a news article published by *The New York Times* on May 14, 2022, titled "A Crypto Emperor's Vision: No Pants, His Rules," available at https://www.nytimes.com/2022/05/14/business/sam-bankman-fried-ftx-crypto.html.

5. **Exhibit E:** Debtors' Chief Executive Officer John J. Ray III's First Interim Report to the Independent Directors on Control Failures at the FTX Exchanges, filed in the main bankruptcy case associated with this adversary proceeding, Case No. 22-11068-JTD ("Main Bankruptcy Case") at D.I. 1242-1, on April 9, 2023.

6. **Exhibit F:** Plaintiff Alameda Research, Ltd.'s ("Alameda Research") Official Form 206Sum, Summary of Assets and Liabilities for Non-Individuals ("SOALs"), filed in the Main Bankruptcy Case at D.I. 1027, on or about March 15, 2023.

7. **Exhibit G:** Plaintiff Clifton Bay Investments LLC f/k/a Alameda Research Ventures LLC's ("Alameda Ventures") SOALs, filed in the Main Bankruptcy Case at D.I. 1042, on or about March 15, 2023.

8. **Exhibit H:** Alameda Research's SOALS, filed as an update in the Main Bankruptcy Case at D.I. 2002, on or about July 31, 2023.

9. **Exhibit I:** Alameda Ventures' SOALs, filed as an update in the Main Bankruptcy Case at D.I. 2012, on or about July 31, 2023.

10. **Exhibit J:** Alameda Research's most recently filed SOALs, filed in the Main Bankruptcy Case at D.I. 2291, on or about August 31, 2023.

11. **Exhibit K:** Alameda Ventures' most recently filed SOALs, filed in the Main Bankruptcy Case at D.I. 2300, on or about August 31, 2023.

12. **Exhibit L:** Mr. Ray's Declaration in Support of Chapter 11 Petitions and First Day Pleadings, filed in the Main Bankruptcy Case at D.I. 24, on or about November 17, 2022.

13. **Exhibit M:** A PowerPoint presentation Debtors delivered to the Court on August 23, 2023, and filed in the Main Bankruptcy Case at D.I. 2244-1, on or about August 24, 2023.

14. **Exhibit N**: Debtors' Draft Plan of Reorganization – Term Sheet, filed in the Main Bankruptcy Case at D.I. 2100, on or about July 31, 2023.

## LEGAL STANDARD

15. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . [such as] matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Under Federal Rule of Evidence 201, the Court may take judicial notice of any fact that is "not subject to reasonable dispute" because it: (1) is generally known within the Court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; *see also Feingold v. Graff*, 516 F. App'x 223, 225 (3d Cir. 2013) ("A court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment."). This rule includes documents that are offered not for the truth of the facts therein, but for the proposition that a fact was either publicly stated or widely believed. *See Benak ex rel. All. Premier Growth Fund v. All. Cap. Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (judicial notice is appropriate for facts that "serve only to indicate what was in the public realm at the time, not whether [those facts] are true").

## EXHIBITS E–N
## DEBTORS' FILINGS IN THE MAIN BANKRUPTCY CASE

16. Courts "may take judicial notice of documents from the docket of a bankruptcy proceeding in considering a motion to dismiss under Rule 12(b)(6)." *Meyers v. Heffernan*, 740 F. Supp. 2d 637, 640 n.4 (D. Del. 2010); *see also In re LandSource Cmtys. Dev. LLC*, 485 B.R. 310, 315 (Bankr. D. Del. 2013) ("It is not unusual for a Court to take judicial notice of its docket."); *In re Fed. Mogul Glob., Inc.*, 330 B.R. 133, 136 (D. Del. 2005) (taking "judicial notice of the entire

docket in the bankruptcy cases"); *In re Smalis*, 554 B.R. 757, 759 n.1 (Bankr. W.D. Pa. 2016) ("The matters presently pending before the Court are related to and inseparable from prior proceedings. Therefore, this Court takes judicial notice of the related proceedings and will cite to the record of the bankruptcy case and other adversary proceedings as relevant throughout this Opinion."). Courts may accordingly consider a debtor's own filings in the main bankruptcy, including declarations, affidavits, and SOALs. *See, e.g.*, *In re Charys Holding Co., Inc.*, Adv. No. 10-50211, 2010 WL 2788152, at *5 n.3 (Bankr. D. Del. Jul. 14, 2010) (noting on motion to dismiss that "[a] debtor's schedules and statements are among the public documents properly subject to judicial notice"); *In re New Century TRS Holdings, Inc.*, 390 B.R. 140, 148 (Bankr. D. Del. 2008) ("I take judicial notice that the Debtors listed their pre-petition assets at $12,905,606,046.91 and liabilities at $11,476,388,868.31 (as taken from the 'total assets' and 'total liabilities' columns on the Summary of Schedules page of each Debtor's bankruptcy schedules.")) (reversed on other grounds by *In re New Century TRS Holdings, Inc.*, 407 B.R. 576 (D. Del. 2009)); *see also In re Ryan*, 472 B.R. 714, 728 (E.D. Va. 2012) ("[T]he Court is duty bound to take judicial notice of its own records . . . [and] may exercise its discretion to take judicial notice of the [debtor's] schedules in an adversary proceeding arising from the same bankruptcy case."); *In re Groff*, Adv. No. 11-00284-8-RDD, 2011 WL 6140744, at *3 (Bankr. E.D.N.C. Dec. 9, 2011) (taking judicial notice on motion to dismiss of debtors' schedules to determine whether plaintiffs met their burden to plead insolvency).

17.    **Exhibits E and L** are Mr. Ray's First Interim Report and his First Day Declaration, filed by Debtors in the Main Bankruptcy Case in April 2023 and November 2022, respectively.

18. **Exhibits F through K** are Plaintiffs' SOALs filed in the Main Bankruptcy Case in March, July, and August 2023, containing their sworn attestations of their respective determined assets and liabilities as of the petition date.

19. **Exhibit M** is a PowerPoint presentation that Debtors presented to this Court on August 23, 2023, and filed in the Main Bankruptcy Case on August 24, 2023.

20. **Exhibit N** is Debtors' Draft Plan of Reorganization – Term Sheet, filed in the Main Bankruptcy Case on July 31, 2023.

21. Because these exhibits are offered to reflect Debtors' publicly filed (and in the case of **Exhibits F though L**, sworn) statements rather than for the truth therein, are matters of public record, and are filed in the Main Bankruptcy Case, they are proper subjects of judicial notice.

## EXHIBITS A–D
## NEWS ARTICLES TO SHOW WHAT WAS IN THE PUBLIC REALM

22. Courts regularly take judicial notice of news articles from reputable sources that "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Benak*, 435 F.3d at 401 n.15 ("We see no basis to upset the District Court's decision to take judicial notice of newspaper articles supplied by appellees."); *see, e.g.*, *In re Briscoe*, 448 F.3d 201, 221 (3d Cir. 2006) (approving of district court's judicial notice of "media-generated publicity" to determine whether plaintiffs were aware of certain facts); *Ieradi v. Mylan Labs., Inc.*, 230 F.3d 594, 598 & n.2 (3d Cir. 2000) (taking judicial notice of *New York Times* article to show what "the public learned"); *Peters v. Del. River Port Auth. Of Pa. and N.J.*, 16 F.3d 1346, 1357 (3d Cir. 1994) (taking judicial notice of "newspaper accounts" to determine whether defendant was the subject of political controversy); *Blix Inc. v. Apple, Inc.*, C.A. No. 19-1869-LPS, 2020 WL 7027494, at *7 n.2 (D. Del. Nov. 30, 2020) (taking judicial notice of fact that "certain statements were made," rather than for "the truth of the statements"); *Neuberger v. Gordon*, 567 F. Supp. 2d

622, 630 (D. Del. 2008) (taking judicial notice of newspaper article on motion to dismiss to indicate matters in the public realm).

23.   **Exhibits A through D** are all news articles from reputable outlets: *The Wall Street Journal*, *Forbes*, *Reuters*, and *The New York Times*. They are offered not for their truth, but to demonstrate that publications were telling the public that: (1) Plaintiffs' managing member, Sam Bankman-Fried, was a wealthy and savvy businessman who ran remarkably successful companies; and (2) high-profile investors had invested in those companies. Because the articles are offered merely to "indicate what was in the public realm at the time," the Court may properly consider them in connection with a motion to dismiss. *Benak*, 435 F.3d at 401 n.15; *Neuberger*, 567 F. Supp. 2d at 630.

24.   Accordingly, the K5 Defendants respectfully request that the Court grant their Request for Judicial Notice.

*[Remainder of Page Left Intentionally Blank]*

| | |
|---|---|
| Dated: September 11, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>**POTTER ANDERSON & CORROON LLP**<br><br>*/s/ Jeremy W. Ryan*<br>Jeremy W. Ryan (No. 4057)<br>Kevin R. Shannon (No. 3137)<br>Andrew L. Brown (No. 6766)<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801-6108<br>Telephone: (302) 984-6108<br>Facsimile: (302) 658-1192<br>E-mail: jryan@potteranderson.com<br>　　　　kshannon@potteranderson.com<br>　　　　abrown@potteranderson.com<br><br>-and-<br><br>**LATHAM & WATKINS LLP**<br>James E. Brandt (admitted *pro hac vice*)<br>Suzzanne Uhland (admitted *pro hac vice*)<br>Hugh Murtagh (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: james.brandt@lw.com<br>　　　suzzanne.uhland@lw.com<br>　　　hugh.murtagh@lw.com<br><br>Michael J. Reiss (admitted *pro hac vice*)<br>355 S. Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email: michael.reiss@lw.com<br><br>Michael E. Bern (admitted *pro hac vice*)<br>555 11th St. NW<br>Washington, DC 20004<br>Telephone: (202) 637-2200<br>Facsimile: (202) 637-2201<br>Email: michael.bern@lw.com<br><br>*Attorneys for K5 Defendants Michael Kives, Bryan Baum, K5 Global Holdings, LLC, K5 Global Technology, LLC, MBK Capital, LP - Series T, K5 Global Growth Co-Invest I GP, LLC, K5 Global Growth Fund I GP, LLC, K5 Global Ventures, LLC, Mount Olympus Capital, LP, Mount Olympus Capital, LLC, K5 Global Growth Fund II, LP, K5 Global Growth Fund II GP, LLC, K5X Fund I, LP, and K5X Fund I, LLC* |