**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



**JUDGE JOHN T. DORSEY**                                  **824 N. MARKET STREET**
                                                          **WILMINGTON, DELAWARE**
                                                          **(302) 533-3169**

February 21, 2024

Plaintiffs' and Defendants' counsel via CM/ECF

    Re:    <u>Alameda Research Ltd., *et al.* v. Michael Kives, *et al.* - Adv. Pro. No. 23-50411 (JTD)</u>

Dear Counsel:

    This letter contains my ruling on the K5 Defendants' Motion to Stay Adversary Proceeding Pending Confirmation of Debtors' Chapter 11 Plan (D.I. 38) (the "**Motion**").  Plaintiffs initiated this action in June of 2023, and they seek to avoid transfers and obligations pursuant to 11 U.S.C. §§ 105, 544, 547, 548, and 550.  Defendants have moved to stay the proceeding until the Chapter 11 plan is confirmed on the basis that it is premature and a waste of resources, given the rapidly changing factual landscape. For the reasons set forth below, the Motion is denied.

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In bankruptcy proceedings, "this inherent authority is recognized in Bankruptcy Code Section 105(a), which permits the court to 'issue any order, process, or judgment that it is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *In re South Side House, LLC*, 470 B.R. 659 (Bankr. E.D.N.Y. 2012) (quoting 11 U.S.C. § 105(a)).  The Defendants raise several arguments as to why they believe a stay is appropriate here. I address each of these arguments in turn.

    *First*, Defendants contend that "the uncertain and evolving nature of Plaintiffs' claims regarding their own solvency renders this entire suit premature."[1]  Specifically, Defendants argue this proceeding should be stayed because Plaintiffs have not alleged facts sufficient to establish that they were insolvent at the time of the transfers at issue, or that they are insolvent today, both of which they must do to state a claim.  While Defendants are correct that Plaintiffs' solvency (or lack thereof) must be definitively established for Plaintiffs to succeed on their claims, those questions go to the merits of Plaintiffs' claims and are therefore more appropriately addressed in a motion to dismiss rather than a motion to stay.  As

---

[1] Motion at 14.

Defendants have made this argument in the motion to dismiss that they filed simultaneously with this Motion, it will be addressed in my ruling on that motion.

*Second*, the Defendants argue that this adversary proceeding should be stayed because key witnesses, specifically Sam Bankman-Fried, may be unavailable to testify.  I disagree.  Speculation regarding witness availability is not a valid basis to issue a stay.  Defendants do not represent that they have yet made any attempts to obtain the testimony of any witnesses, let alone that such attempts have been unsuccessful.  To the extent Defendants do encounter difficulties in obtaining evidence, they can bring those problems to the attention of the Court at that time.

*Lastly*,[2] the Defendants argue that this adversary proceeding should be stayed pending the conclusion of the examiner's investigation.  According to the Defendants, the examiner's investigation could encompass certain facts bearing on Plaintiffs' claims.  Again, while this is certainly a possibility, it is nothing more.  Defendants have not articulated any specific way in which this litigation will be impacted by the examiner's investigation.  A stay cannot be granted on possibility alone.

In sum, the Defendants have proposed a list of reasons why they believe I should stay this case pending the confirmation. I do not find any of these reasons persuasive. There is no undue risk of prejudice to any party by allowing this litigation to proceed, and the efficient use of judicial resources is not significantly impacted by any of the concerns raised by the Defendants. The Motion is therefore denied.  An appropriate order will issue.

Sincerely,

_____
John T. Dorsey, U.S.B.J.

---

[2] Defendants make two more arguments in favor of a stay, but each has been mooted by events that occurred after the Moton was filed.  Specifically, Defendants argued that this proceeding should be stayed pending (1) the outcome of the motion for default judgment over defendant SGN Albany LLC; and (2) a ruling on their Motion to Withdraw the Reference.  As both motions have since been resolved, I need not address these arguments.